stigney a correspondent mortgage lender license is not a mortgage broker license mortgage broker license by definition the brokering loan between a borrower and a lender in a correspondent mortgage lender license the CMLL in this case Gordon Lending should have been lending money they didn't lend any money they were for  Mr. Frizzi originated the loan acted as a mortgage broker and the government's position is now on appeal in 12 and 20 tech 12102 that already was acting as a loan originator pursuant to the license of GLC as a correspondent mortgage lender again GLC didn't lend any money at all wamu Washington mutual landed all the money on all the loans what is disconcerting to appellant is that throughout the entire process starting with the federal grand jury Mr. Frizzi testified there and he testified that he was a mortgage broker and the government elicited questions that led to that response throughout grand jury and then through his trial testimony he referred to himself as a mortgage broker and that is incorrect let let's say that that actually is just positive in the way that you suggest it is wasn't all that information in the public record as you say at the time the grand jury and throughout the proceedings my client sought the information through public records requests and determine the jails that GLC had a mortgage lender license so yes it was available but the problem that the appellant has is that at every stage of the proceedings until the conviction he was led to believe by the government that Frizzi was a mortgage broker so we didn't investigate this doesn't doesn't he have a responsibility to investigate that yes I would say yes but so too does the government have a responsibility not to call Mr. Frizzi a mortgage broker when in fact he's not a mortgage broker he has no license to be a mortgage broker GLC had no license to be a mortgage broker and they were operating under a correspondent mortgage lender license which is inappropriate for the government to take a position like that why does it act why does it actually matter what kind of license the party had because if it was a mortgage lender license GLC would have been doing their due due diligence on each of those loans and there's where if there was any problem with employment verification or salary it would've been uncovered there by GLC and GLC would have had an interest a proprietary interest in making sure that the loan was a legitimate loan that the borrower had the assets income and employment to fund that loan because within 100 excuse me within 120 days after originating that loan they have to sell it so they have to find a servicer that is going to purchase that loan from them so if it was in one who was not doing what they should have been doing as far as their due diligence to make sure that the income employment verification and asset verification one who didn't do that they fell short there if false representations were made on the loan documents what does it matter whether somebody would have caught it seems to me still have the intent you still have the fraud well it goes back to the license and the fraud would still be there but my clients theory of of his defense was throughout the trial that Frizze the mortgage broker and nominate the new mortgage broker Mostelak and Michelle Cabrera could have done this all on their own without his involvement at all that was his defense and he was shut down in that defense he was shut down by the district judge disallowing his 404 reverse 404B evidence so what difference would have made it would have led to impeachment evidence against if my client had known that Frizze was totally unlicensed my client would have been able to as the court's aware I was not the trial counsel but he would have been able to impeach Frizze on those issues further erode the jury's faith in what Frizze was telling them couple that with the attack on Cabrera through reverse 404B and Mostelak with reverse 404B and it may have moved the dial with the jury and could have led to a different outcome. Why wasn't there already enough evidence about Mostelak and Cabrera such that this reverse 404B evidence was cumulative wasn't cumulative I don't believe that should be dispositive that the the weight of the evidence against the weight of the evidence that was already presented because one of the initial things that bothered me most when I read that when I got involved in this case was that the defendant wanted to present his own defense and everything I've read says that he should be able to call witnesses on his own behalf for the defendant to have to or the appellant to have to build his theory of defense through cross-examination of government witnesses I think is inappropriate he should be able to call his own witnesses who are not hostile to him that he chooses which is his constitutional right due process Sixth Amendment it's his right to call witnesses on on his own behalf and he wanted to call witnesses to attack the credibility to to attack through reverse 404B Mostelak and Cabrera and Frizze Well Frizze was allowed I stand corrected there was reverse 404B on Frizze the district court did allow so I hope that answers your question so we've talked about then the two largest issues here the reverse 404B where the district court disallowed my client from building his or establishing his theory of the defense and secondly that Frizze was unlicensed the government argues that in their brief and first in a response to the rule 33 motion second in their brief that Frizze was an employee of GLC and GLC had a correspondent mortgage lender license and therefore as an employee Frizze is acting within the scope of if he's acting within the scope of his employment then he's covered by GLC's correspondent mortgage lender license I disagree I argue to my brief that Frizze was actually a independent contractor not an employee this is one of the reasons I think this case needs to go back to the district court for an evidentiary hearing to determine when the government knew that Frizze was unlicensed whether Frizze is actually an employee or an independent contractor is my brief argues that he was an independent contractor because he was being paid percentages it was going to him through his company GTF financial and that he was then dividing that with Marco Loretti and giving Marco Loretti a commission because Marco Loretti was lawfully allowed to take a percentage of the loan commission because he was actually a mortgage broker in the state of Florida so how'd you get this evidence freedom of information requests no that was in the record that was in the trial I think I think that Mr. Frizze testified that he was getting 0.9 percent and I think he testified that per loan in your post-trial blue brief you said that you got it through a series of freedom of information records requests right is that in the brief 12, 20 post-trial blue brief 34 well this is a consolidated case so because things my understanding the case developed as the case developed there was consolidated is that case 12, 102 or the I'm not sure well what it's in the help me with the record my my understanding was that that's how it was obtained I don't know how it could be entitled newly discovered well that would not be newly discovered because I think that was in that was I think there's testimony as to how much was paid 0.9 percent and I think he testified that he that I think Frizze testified that he was splitting his commissions with with Mr. Loredi so the other issue is the 404B evidence on the SBA loan which I think is dissimilar from eat hot scotchy so you've saved four minutes for rebuttal so Mr. Katz we'll hear from you next may it please the court Randy Katz on behalf the United States your honors of all the trial issues that Mr. Loredi is asserting he cannot meet any standard even the highest level standards to warrant a new trial when we look at the big picture the case and all the evidence against him it was simply overwhelming and the highlights include his own trial testimony which contradicted the trial testimony of nearly every government witness that the district court found was incredible and his testimony significantly bolster the government's case in that note is it is it fair to Mr. Loredi to have him build his defense around cross-examination of government witnesses rather than bringing his own witnesses it your honor wasn't just cross-examination of cross-examination of government witnesses Mr. Loredi testified as to his theory of the defense himself and was able to introduce reverse 404B reverse 404B evidence and actually council said that there was a blanket exclusion of this evidence in his briefs and that's just not that's just not the case Mr. Loredi was able to introduce at least five different transactions discussing Felix Mostolac and Michelle Cabrera and I think something important to point out to the court is that this was undisputed nobody disagreed that Michelle Cabrera or Felix Mostolac was involved in other frauds in fact in the opening statement the government said for lack of a better word Felix Mostolac is a fraudster and the government didn't object to many of the exhibits the reverse 404B exhibits that Mr. Loredi wanted in so this wasn't a controversial issue your point is that at some point it just becomes cumulative correct and I think that's what the district judge agreed with and our standard of review for that is abuse of discretion correct I don't even think it reaches Judge Pryor, Chief Judge Pryor that it's a constitutional issue I don't even think the court needs to look at Hearn it's a classic abuse of discretion because the only exclusions were cumulative proofs of the same principle the story was told multiple times and Mr. Loredi was allowed to get in a ton of evidence through cross examination through scores of defense exhibits and he was able to secure powerful admissions from career fraudsters in this case and moreover it was undisputed that that these individuals Michelle Cabrera and Felix Mostolac committed frauds without Mr. Loredi and before Mr. Loredi and I think all the court really needs to do is to look at the closing argument that Mr. Loredi's counsel made where he highlighted that that was the centerpiece of his closing argument and the evidence that he admitted really gave him a strong platform to do this What about the unlicensed broker issue? Your Honor, licensing was really not the focus of the case I think all it amounts to it's weak at best it's weak impeachment evidence there's no record evidence that the government knew this was clearly publicly available information as Mr. Loredi's brief concedes this was available almost a decade before I also think it's important to point out to the court that it would have to be newly discovered and it wasn't correct your honor that's absolutely correct I think it's also important to point out that Mr. Loredi is not is not an ordinary defendant this is somebody who has over 30 years combined experience in the industry who was a real estate agent who was a mortgage broker who owned his own mortgage company so if anybody knew where to find these it would be Mr. Loredi. The other point I wanted to make us to that Chief Judge Pryor is if Mr. Loredi could obtain these from inside a jail cell while he's incarcerated these public documents certainly he could have obtained them in the five years between his target letter when he was informed of the investigation and at his trial so he had five years I mean that's an extraordinary amount of time for a to to to be able to gather that information I want to make sure I understand the facts it it appears that he he figured out a way to fraudulently purchase these properties but then ultimately am I correct that they were all foreclosed on yes your honor I imagine that was not his original intent no I don't I I don't I can't speak to his intent your honor but I I they were all foreclosed upon I thought you know I think your honor that he probably wanted to make money on them to flip the properties but the market downturned and then he got himself in that situation thank you for clarifying and and just to talk about the strength of the evidence to finish my point on that your honors Mr. Loredi was the most effective witness for the government based on his own his own testimony and he confessed to his business partner that he knew the straw buyers could not afford the properties and that he destroyed the laptop his own father-in-law testified against him along with the other straw buyers and the strength of the evidence wasn't just limited to the straw buyers in this case your honors you have Mr. Loredi signed bought a property and signed his own fraudulent loan application and initialed it he paid the cash to close with the bank's own money and he made the most money in the scheme and the point I want to leave the court with is to believe Mr. Loredi's defense theory that there was a massive fraud here but he was completely ignorant of it you have to believe that everyone conspired to make Mr. Loredi the most money out of anyone in the scheme and he had absolutely no earthly idea what was going on that's just not a credible theory of the defense the jury heard from Mr. Loredi for two full days they were able to see him and assess his credibility and they rejected that defense I think the court understands the arguments if there's no further questions I would just ask I would just ask the court to affirm the district court in all respects thank you thank you Mr. Katz Mr. Stickney you save four minutes as I said in the briefs Michelle Cabrera is the best example of why a defendant shouldn't have to rest his defense on the cross-examination of a government witness who's getting a rule 35 she testified that Mostolak paid her $10,000 per transaction to fraudulently close loans by wiring her cash to close on multiple occasions where Loredi was not involved it does seem like this evidence is cumulative she testified that she did this between 10 and 50 times and in fact Mr. Moran who was a co-conspirator of hers in an unrelated crime was interviewed by the FBI and in his FBI theory 2 he says that it happened at least 80 times or 80 or more times which is substantially more than what she was admitting to she also Michelle Cabrera also denied that she knew who Renaud is R-E-N-A-U-D well Michelle had been sued by the FDIC for falsifying records and forging Renaud's name on a case and yet during her testimony she said she didn't recall who it was yet she'd been sued so Renaud wasn't allowed to testify Moran was not allowed to testify and this is what I'm talking about where a defendant should be able to call his own witnesses on his own behalf to establish his theory of the case you don't have to rely on cross-examination somebody's faulty faulty memory and then it becomes a collateral issue and on and on Am I correct that you're not making an argument that there is a violation of the rules of evidence right? I'm not making that argument I don't think that I'm making that argument which rule... No I don't think you are either but it requires I would say a lot more to get to a violation of the Constitution or you know various portions of the Constitution that it would to make out a rules of evidence violation so what sets your argument apart from the ordinary argument that would survive perhaps under the rules of evidence or 404B it would be due process that he's being denied his right to at trial now. He's not totally denied as my able opposing counsel stated he testified on his own behalf he presented his defense but he was the last witness to testify he as my brief indicates he gave up certain rights to argue the weight of the evidence because he testified and he could have had he been able to call the witnesses he intended to call he might not have taken the stand and that would have saved him from obstruction of justice enhancement and that's just trial strategy right? Well it's trial strategy when you are denied your right to call witnesses your strategy changes could change I wasn't his trial counsel I don't know if he intended to testify for the whole time or whether if the others were allowed to testify the reverse 404B witnesses whether he would whether he would have still exercised his right to testify and I do want to say that the standard Jernigan standard applies when this is in the rule 33 context it does not apply to the main brief 18 10508 because I argue Giglio there and Giglio doesn't have a due diligence publicly available a component to it. Do you think the Constitution allows any limits on what evidence a defendant can put forth? Like could a defendant put forth you know could a defendant demand a month of cumulative witnesses say? No no absolutely not and also if it has nothing if the witness has nothing to do has nothing relevant to testify to then it's 403 disallows it. It's not coming in Okay I think we understand your case Mr. Stickney Thank you your honor. We're going to move to the second